Filed 2/13/14  P. v. Madrigal CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056964 |
| v. | (Super.Ct.No. INF066892) |
| ANTONIO MADRIGAL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Richard A. Erwood, Judge.  Affirmed as modified.

Richard de la Sota, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Julianne Karr Reizen, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Defendant Antonio Madrigal argues that, pursuant to Penal Code section 654[1] and in light of the California Supreme Court's decision in *People v. Mesa* (2012) 54 Cal.4th 191 (*Mesa*), his sentence for active gang participation in a case where he was also convicted of the underlying felony must be stayed. The People agree. The parties are correct. We will modify the judgment to stay the sentence for defendant's conviction for gang participation.

## FACTS AND PROCEDURAL HISTORY

Defendant, whose moniker is "Criminal," is a member of the "Varrio Palmas" street gang. Jose J. is a member of a rival gang, "Barrio San Rafael." On the evening of September 19, 2009, at a playground in Palm Springs, "Criminal" shot Jose J. in the leg in a drive-by shooting incident.

On April 24, 2012, a jury convicted defendant of the following four felonies: deliberate and premeditated attempted murder (§§ 664/187, subd. (a), count 1); assault with a firearm (§ 245, subd. (a)(2), count 2); being a felon in possession of a firearm (§ 12021, subd. (a)(1), count 3); and participation in a street gang (§ 186.22, subd. (a), count 4).

In addition, the jury found true allegations as to both counts 1 and 2 that defendant committed the crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)); that he personally used a firearm (§§ 12033.5, subd. (a) & 1192.7, subd. (c)(8)); and that he

---

[1] All further statutory references are to the Penal Code.

personally inflicted great bodily injury on a person not an accomplice (§§ 12022.7, subd. (a) & 1192.7, subd. (c)(8)). As to count 1, the jury also found that he personally and intentionally discharged a firearm (§§ 12022.53, subd. (c) & 1192.7, subd. (c)(8)); that he personally and intentionally discharged a firearm causing great bodily injury to another person not an accomplice (§§ 12022.53, subd. (d) & 1192.7, subd. (c)(8)); and that he acted as a principal in association with a street gang with the intent to promote criminal conduct by street gang members (§ 12022.53, subd. (e)).

In a separate proceeding on April 25, 2012, the court found true special allegations that defendant had been convicted of a prior "strike" prior (§§ 667, subds. (c), (e)(1) & 1170.12, subd. (c)(1)) for shooting at an inhabited dwelling (§ 246), and that he had not remained free of prison custody for a period of five years following his release for that offense. (§ 667.5, subd. (b).)

On June 22, 2012, the court sentenced defendant on count 1 to total of 55 years to life: 15 years to life, doubled to 30 because of his strike prior, plus a 25 years to life enhancement for personal use of a firearm causing great bodily injury. On count 3, the court sentenced defendant to a consecutive determinate term of eight years four months: three years, doubled to six because of his strike prior, plus 16 months for his street-gang conviction in count 4 and an additional a one-year enhancement for the strike prior. As to count 1, the court imposed but stayed pursuant to section 654 the sentences for the section 12022.5, 12022.7, and 12022.53, subdivision (c) allegations. Similarly, the court imposed but stayed the sentence and related allegations for count 2.

**DISCUSSION**

Defendant argues on appeal that, under *Mesa, supra*, 54 Cal.4th 191 his sentence for active participation in a street gang (§ 186.22, subd. (a), count 4) should have been stayed pursuant to section 654. He is correct.

In addition to active participation in the gang and knowledge that members of the gang have engaged in a pattern of criminal activity, a conviction for the crime of street terrorism defined in section 186.22 requires that the defendant willfully promote, further, or assist felonious conduct by a member of the gang. (§ 186.22, subd. (a); *People v. Abillar* (2010) 51 Cal.4th 47, 56.)

Section 654 provides that "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) The application of section 654 to section 186.22 means that where a defendant is convicted of the underlying principal offense, and that offense is used to satisfy the willful-promotion-of-felonious-conduct element of the crime of street terrorism, he or she cannot be separately punished for both crimes. (*Mesa*, *supra*, 54 Cal.4th at pp. 197-198.)

Here, defendant was convicted in count 1 of the underlying felony of deliberate premeditated attempted murder and in count 3 of being a felon in possession of a firearm, and it was those crimes that satisfied the third element of the crime of street terrorism, his

conviction in count 4. Accordingly, his sentence for the violation of section 186.22 must be stayed.

## DISPOSITION

Pursuant to section 654, the judgment is modified to stay the 16 month term for defendant's conviction for the crime of street terrorism in count 4. As modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>CODRINGTON</u>
J.

We concur:

<u>HOLLENHORST</u>
Acting P. J.

<u>McKINSTER</u>
J.

5